UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CR-20534-ASG

UNITED STATES OF AMERICA,

vs.

JAVIER ZAMBRANA,

        **Defendant.**

_____/

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States"), and Javier Zambrana (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges that the defendant knowingly and willfully combined, conspired, confederated and agreed with others to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services in violation of Title 18, United States Code, Section 1349. The defendant acknowledges that he has read the charges against him contained in the Indictment and that those charges have been fully explained to him by his attorney.

2. The defendant is aware that the sentence will be imposed by the Court. The defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is reasonable and that the Court must consider the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines") in effect at the time of the sentencing in determining that reasonable sentence. The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose that sentence. Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this Plea Agreement. The United States and the defendant agree that except for the variance arguments the defendant may make at sentencing as contemplated in Paragraph 12 of this Agreement, they will recommend that the Sentencing Guidelines should apply pursuant to United States v. Booker, that the Guidelines provide a fair and just resolution based on the facts of this case, and that no upward or downward departures are appropriate other than the reductions for acceptance of responsibility and role in the offense. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more

severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years. In addition to any period of imprisonment the Court may also impose a period of supervised release of up to three (3) years to commence at the conclusion of the period of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000, or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d).

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the total amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The defendant shall cooperate with law enforcement officials, civil attorneys with the United States Department of Justice and United States Attorney's Office for the Southern District of Florida, and with federal regulatory officials charged with regulating or overseeing the Medicare program by providing full, complete and truthful information regarding his knowledge, conduct and actions while involved in health care and by providing active cooperation in ongoing investigations if requested to do so. If called upon to do so, the defendant shall provide complete and truthful testimony before any grand jury or trial jury in any criminal case, in any civil proceeding or trial, or in any administrative proceeding or hearing. In carrying out his obligations under this paragraph,

the defendant shall neither minimize his own involvement nor fabricate, minimize or exaggerate the involvement of others. If the defendant intentionally provides any incomplete or untruthful statements or testimony, his actions shall be deemed a material breach of this agreement and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forebear from bringing additional charges as may be otherwise set forth in this agreement.

6. The defendant shall provide the Probation Office and counsel for the United States with a full, complete and accurate personal financial statement. If the defendant provides incomplete or untruthful statements in his personal financial statement, his action shall be deemed a material breach of this agreement and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forbear from bringing additional charges otherwise set forth in this agreement.

7. Provided that the defendant commits no new criminal offenses and provided he continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for his criminal conduct, the United States agrees that it will recommend at sentencing that the defendant receive a three level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the United States and the Probation Office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this plea agreement; or (3) commits any misconduct after

entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence required by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the defendant has provided substantial assistance and recommending a sentence reduction. The United States further agrees that should the United States file such a motion in connection with either or both of the defendant's parents, specifically, Enrique Perez or Gladys Zambrana, the United States will not oppose a joint motion submitted by both the defendant and either of his parents to apply any percentage reduction as to the sentence of such parent to the defendant. The defendant

acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion, either as it pertains to the defendant or his parents, and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation and the cooperation of his parents shall be binding on the defendant and his parents.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 9 of this agreement, should the United States exercise its discretion to file such a motion.

11. The defendant admits and acknowledges that the following facts are true and that the United States could prove them at trial beyond a reasonable doubt:

a. That the defendant's participation in the conspiracy and scheme and artifice resulted in a loss of more than $2,500,000 and less than $7,000,000;

12. Based on the foregoing, the United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, the United States and the defendant further agree that, except as otherwise expressly contemplated in this plea agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory Sentencing Guideline range in this case. Further, the United States and the defendant agree, although not binding on the probation office or

6

the Court, that the defendant may argue for a variance under 18 U.S.C. § 3553 based on the way in which the defendant was recruited into the conspiracy, which argument the United States may oppose, and that there are otherwise no other factors or circumstances which would support or otherwise suggest the propriety of the Court's finding of any sort of variance under Title 18, United States Code, Section 3553(a).

13.   The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a)   <u>Base Offense Level</u>: That the base offense level is six (6), pursuant to Section 2B1.1(a)(2) of the Sentencing Guidelines.

(b)   <u>Actual or Intended Loss</u>: That the defendant's offense level shall be increased by eighteen (18) levels pursuant to Section 2B1.1(b)(1)(K) because the actual or intended loss related to the health care fraud scheme was greater than $2,500,000, but less than $7,000,000. This figure reflects the fraudulent billings for health care items and services, known as of the date of this agreement, that were submitted to the Medicare programs by ABC Home Health Care, Inc. during the time that the defendant was listed as the owner on the corporate documents and Medicare application.

(c)   <u>Mitigating Role</u>:   That the defendant's offense level shall be decreased by four (4) levels pursuant to Section 3B1.2(a) because the defendant was a minimal participant in the criminal activity.

(e)   <u>Acceptance of Responsibility</u>:   That the defendant's offense level shall be

    decreased by three (3) levels pursuant to Sections 3E1.1(a) and 3E1.1(B) because the defendant has clearly demonstrated acceptance of responsibility for his offense and assisted authorities in the investigation of and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

(e)     The defendant acknowledges and understands that additional or different enhancements or guideline provisions might be applicable, and that neither the Court nor Probation are bound by the parties' joint recommendations.

14. The defendant also agrees that the defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer or surrender of all rights, title, and interest, regardless of their nature or form, in the assets which the defendant has agreed to forfeit, disgorge, transfer or surrender, and any other assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, disgorgement, transfer or surrender. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property by delivery to the United States upon the United States' request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. To the extent the assets are no longer within the possession and control or name of the defendant, the defendant agrees that the United States may seek substitute assets within the meaning of 21 U.S.C. § 853.

15. The defendant knowingly and voluntarily agrees to waive any claim or defenses he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. Defendant further knowingly and voluntarily waives his right to a jury trial on the forfeiture of said assets, waives any statute of limitations with respect to the forfeiture of said assets, and waives any notice of forfeiture proceedings, whether administrative or judicial, against the forfeited assets.

16. The defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay and that the Court must order the defendant to pay restitution for the full loss caused by his criminal conduct pursuant to Title 18, United States Code, Section 3663A, provided, however, that the value of any property forfeited shall be credited against any order of restitution.

17. The defendant is aware that the sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States. At sentencing, the United States and the defendant agree

to jointly recommend that a sentence be imposed at the low end of the guidelines. The defendant understands that such recommendation is only a recommendation and, thus, is not binding upon the Probation Office or the Court, and that the actual sentencing imposed may be higher or lower than that jointly recommended.

18. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeitures or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida. The United

States does not release defendant from any claims under Title 26, United States Code. Further, this Agreement in no way limits, binds, or otherwise affects the rights, powers or duties of any state or local law enforcement agency or any administrative or regulatory authority.

20. In the event that the defendant does not plead guilty or if the defendant breaches this Plea Agreement, the defendant agrees and understands that he thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines and Rule 11(f) of the Federal Rules of Criminal Procedure, and that any statements made by him as part of plea discussions or as part of his cooperation with the government will be admissible against him without any limitation in any civil or criminal proceeding.

21. The Defendant agrees that he has consulted with his attorney and fully understands all rights with respect to the Indictment. Further, the Defendant agrees that he has been advised concerning and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case. The Defendant, by his signature affixed below, attests that he has read this agreement, carefully reviewed every part of it with his attorney, that he is satisfied with his attorney's advice and representation regarding his decision to enter into the agreement, and voluntarily agrees to be bound by every term and condition set forth herein.

22. Defense counsel, by his signature affixed below, attests that he has fully explained to the Defendant his rights with respect to the Indictment, that he has reviewed with the Defendant the provisions of the Sentencing Guidelines and has explained to the Defendant the provisions which may apply in this case, and that he has carefully reviewed every part of this plea agreement with the

Defendant.

23. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations or understandings.

STEVEN A. TYRRELL, CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 12/2/09       By: _____
                    N. NATHAN DIMOCK
                    KIRK OGROSKY
                    U.S. Department of Justice
                    Criminal Division, Fraud Section

Date: 12/2/09       By: _____
                    JAVIER ZAMBRANA
                    DEFENDANT

Date: 12/02/09      By: _____
                    WILLIAM R. BARZEE, ESQ.
                    COUNSEL FOR JAVIER ZAMBRANA

12